IN THE UNITED STATES BANKRUPTCY COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | | |
|---|---|---|---|
| IN RE: | Tammy Aaron | Case No. | 14B15683 |
| | ) | | |
| | ) | | |
| DEBTOR | ) | Chapter 7 | |
| | ) | | |
| | ) | Judge Donald Cassling (Dupage) | |
| | ) | | |

### NOTICE OF MOTION

Tammy Aaron, 6N011 Riversider Drive, St. Charles, IL 60174
United States Trustee (Electronically Notified)
Nordstrom Bank Colorado Service Center, P.O. Box 6555
Englewood, CO 80155-6555
Nordstrom Direct Inquiries, 1600 Seventh Avenue, Suite 2600
Seattle, WA 98101
Trina Schurman, Director of Investor Relations, trina.schurman@nordstrom.com
Lacy Fitzpatrick, Senior Investor Relations Analyst, 1617 6th Avenue, Seattle WA 98101-1707

PLEASE TAKE NOTICE that on August 8, 2014, at 11:00 am, I will appear in front of Judge Donald Cassling, at the Kane County Courthouse (Geneva Branch) in Courtroom 240 at 100 South Third Street., Geneva, IL 60134 with the attached **Motion for Sanctions against Nordstrom Bank (hereinafter "Nordstrom"),** and shall request that the attached order be entered, at which time you may appear.

                                        **/s/ John P. Carlin**
                                        **Attorney John P. Carlin**
                                        **Chang & Carlin, LLP**
                                        **1305 Remington Road, Suite C**
                                        **Schaumburg, IL 60173**

### AFFFIDAVIT OF SERVICE

**The Undersigned Attorney hereby certifies that he served a copy of the attached response to the above named persons by placing a copy of the same in an envelope addressed as stated above, prepaid postage, and placing it in the US Mail at 1305 Remington Road, Suite C, Schaumburg, IL 60173 on or before 5:00 pm on July 18, 2014.**

                                        **/s/ John P. Carlin**
                                        **Attorney John P. Carlin**

IN THE UNITED STATES BANKRUPTCY COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | | |
|---|---|---|---|
| IN RE: | Tammy Aaron | Case No. | 14B15683 |
| | DEBTOR | Chapter 7 | |
| | | Judge Donald Cassling | |

## MOTION FOR SANCTIONS

Now come Tammy Aaron (hereinafter referred to as "Debtor"), by and through his attorney John P. Carlin, and moves this Honorable Court for an Order of Sanctions against Nordstrom Bank (hereinafter "Nordstrom"). In so moving, Debtor states as follows:

1. This is a motion for Sanctions filed by the Debtor pursuant to Section 362 of the United States Bankruptcy Code, more commonly referred to as the "automatic stay."

2. Jurisdiction is confirmed on this Court pursuant to the provisions of Section 1334 of Title 28 of the United States Code, Section 157(b)(2) of Title 28 of the United States Code.

3. This matter is primarily a core proceeding and therefore the Bankruptcy Court has jurisdiction to enter a final order.

4. The Debtor in this case is a Debtor under Chapter 7 of Title 11 of the United States Code in case number 14B15683 filed on April 25, 2014.

5. Prior to filing of the Bankruptcy, Debtor had a debt with store account with Nordstrom.

6. Debtor properly listed this debt on Schedule F.

7. Moreover, the United States Bankruptcy Clerk electronically mailed notice to Nordstrom on April 29, 2014 and it was received by Nordstrom on the same date as well. See Exhibit A.

8. Despite actual notice of the Bankruptcy filing, Nordstrom sent a letter directly to Debtor, telling Debtor that it is "intending to sell your account to Jefferson Capital, LLC."

9. Jefferson Capital, LLC is a collection agency.

10. Furthermore, the Letter states on the front that "THIS LETTER IS FOR INFORMATION PURPOSES ONLY; IT IS NOT AN ATTEMPT TO COLLECT A DEBT." See Exhibit B.

11. However, on the back it states it *is* an attempt to collect a debt for past due customers, like Debtor, on the back of the document. See Exhibit B.

12. Sending this pre-petition to a collection agency and/or threatening to send this account to a collection agency is a clear violation of the Automatic Stay under 11 U.S.C. Section 362.

13. Debtor has been hurt by this violation of the automatic stay.

14. Debtor had to exchange emails and personally meet with his Bankruptcy Attorney to go over this issue, which would not have had to occur, if not for the violation of the Automatic Stay by Nordstrom.

15. Debtor is entitled to actual damages, including attorneys' fees, pursuant to 11 U.S.C. Section 362.

16. Debtor is seeking actual damages of $500 from Nordstrom.

17. Debtor is also seeking punitive damages $1200 for Nordstrom's conduct.

18. The Bankruptcy Court for the Northern District of Illinois has found that punitive damages are appropriate to penalize creditors willful violations of the automatic stay. In re Sumpter, 171 B.R. 835, 845 (Bkrtcy.N.D.Ill.1994)

19. In determining if punitive damages are appropriate, the Court has looked to (1) the nature of the creditor's conduct; (2) the creditor's ability to pay damages; (3) the motive of the creditor; (4) any provocation by the debtor; as well as (5) the creditor's sophistication and knowledge of bankruptcy law and procedure. In re Sumpter, at 845 (citing In re M.J. Shoearama, 137 B.R. 182 (Bankr.W.D.Pa.1992))

20. Debtor has made absolutely no provocation whatsoever.

21. The only motive in this case is collection of pre-petition debt; the Bankruptcy Clerk mailed the Bankruptcy electronic notice to an electronic mailbox designed by Nordstrom for Bankruptcy contacts.

22. Nordstrom is an extremely sophisticated Institution, it is a major nationwide Department store and offers financing through credit financing.

23. Likewise, Nordstrom being such a significant lending institution should have the funds to pay modest punitive damages.

24. The United States Supreme Court found that punitive damages are appropriate of defendant's culpability is so reprehensible as to warrant the imposition of further sanctions to achieve punishment or deterrence.? State Farm Mutual Automobile Insurance Co. vs. Campbell, 538 U.S. 408, 419 (2003) (citing BMW of North America, Inc. vs. Gore, 517 U.S. 559, 575 (1996)).

25. In determining an award of punitive damages, the most important factor is the degree of responsibility of the defendant's conduct. Gore, supra at 575. The U.S. Supreme Court has identified additional factors to be considered in determining responsibility, such as (1) whether the harm caused was physical or economic; (2) whether the target of the defendant's conduct had financial vulnerability; (3) whether the conduct involved repeated actions, as opposed to a single isolated incident; and (4) whether the harm was the result of intentional malice, trickery, deceit, or mere accident. State Farm, supra at 419.

26. Debtor, as the victim of Nordstrom's conduct, is financially vulnerable simply because of his status as a bankruptcy debtor.

27. Debtor is also seeking Attorney fees in an amount to be proven up.

**WHEREFORE,** the Debtor respectfully prays of this Court as follows:

A.  That this Honorable Court enter an order directing Nordstrom to cease all collection activities against Debtor immediately

B.  That this Honorable Court enter an order directing Nordstrom pay Debtor in the amount of $1200.00 for punitive damages

C.  That this Honorable Court enter an order directing Nordstrom to pay Debtor in the amount of $500.00 for compensatory damages.

D.  That this Honorable Court enter an order directing Nordstrom to pay Debtor's attorney fees in an amount to be proven up;

E.  For any and all other relief this Court deems just and fair.

Respectfully Submitted,

**/s/ John P. Carlin**
John P. Carlin, 6277222
Chang & Carlin, LLP
1305 Remington Road, Suite C
Schaumburg, IL 60173